United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60452
Summary Calendar

RAFIQ MAREDIA, also known as Rafiq Rajabali Maredia, also known as Rafiq Rajamudeen Maredia,

                                             Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                             Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 987 794
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Rafiq Maredia, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his application for withholding of removal and relief under the Convention Against Torture (CAT). We must defer to the BIA's decision unless substantial evidence compels a contrary conclusion. Zhang v. Gonzales, 432 F.3d 339, 343-44 (5th Cir. 2005). Where, as here, the BIA has adopted and affirmed the decision of the immigration judge (IJ), this court has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction to review both decisions. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

First, Maredia seeks review of the determination that he is not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3)(A). He attempts to rely upon reports by the State Department as evidence that violence against Muslims has occurred in India since he departed the country. However, the IJ did not accept the reports into evidence. Maredia offers nothing else in support of his claim, other than conclusory assertions that Muslims are subject to false arrest in India and that the Indian government is willing to assist Hindu extremists in the destruction of Muslim communities. He fails to cite any evidence in the record to support his allegations. Accordingly, he fails to show that the evidence is "so compelling [that his life or freedom would be threatened if he returns to India] that no reasonable factfinder could conclude against it." Chun, 40 F.3d at 78.

Next Maredia seeks review of his claim that he entitled to relief under the CAT. He offers only conclusory, unsupported assertions that the Indian government will instigate or condone his torture if he returns to India. His claim is therefore unavailing. See 8 C.F.R. §§ 208.16(c), 208.18(a)(1); Zhang, 432 F.3d at 344.

Finally, Maredia asserts that the IJ misstated Indian law governing the arrest and detention of suspects.  Assuming arguendo that Maredia is correct, any error was harmless.

The petition for review is DENIED.